

**ENTERED**
**08/16/2010**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
IN RE                           )
                                )
PRAFUL GOPHAL PATEL and SHEELA  )    10-34767-H3-7
GOPHAL PATEL,                   )
                                )
         Debtors                )
                                )
```

MEMORANDUM OPINION

The court heard the Motion and Amended Motion for Relief from the Stay (Docket Nos. 12 and 17) filed by John Vanpaasschen and Caro Maitland, Movants, and after consideration of the Opposition and Response (Docket No. 22) filed by Praful Gaophal Patel and Sheela Gophal Patel, Debtors, the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment lifting the automatic stay to allow Movants to proceed with the state court litigation in Cause No. 2008-61834, 270th Judicial District Court, Harris County, Texas.  To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Findings of Fact

On June 3, 2010, Praful Gaophal Patel and Sheela Gophal Patel, Debtors, filed a voluntary bankruptcy petition under Chapter

7 (Docket No. 1). John Vanpaasschen and Caro Maitland, Movants, request that this court lift the automatic stay to allow them to proceed with the state court litigation entitled "Caro Maitland and John Vanpaasschen vs. MVP Aero Academy, Inc., Bharat Shah, Inc., Praful Patel and Sheela Patel," Cause No. 2008-61834, 270th Judicial District Court, Harris County, Texas. Debtors oppose the requested relief but did not appear at the hearing on the instant motion. Counsel for Debtors appeared and cross examined John Vanpaasschen regarding the underlying merits of the state court litigation but offered no other evidence.

On October 23, 2008, Movants filed the above referenced state court suit against Debtors and others for illegal transfer of money, common law fraud, statutory fraud, and breach of contract. Counterclaims were filed, extensive discovery was conducted, and the state court held hearings on various pretrial motions that were filed.[1] The state court conducted a three day jury trial and after deliberating six hours, the jury rendered a verdict in favor of Movants and against Debtors in the amount of approximately $419,000. Movants filed a Motion for Entry of Judgment and Debtors filed a Motion for Judgment Notwithstanding the Verdict. Movants' Exhibit Nos. 1 and 2. On the day of the state court hearing for the entry of judgment, Movants were informed that the Debtors had

---

[1] John Vanpaasschen testified that numerous depositions were taken, many documents were produced and a number of hearings were held by the state court on motions to compel discovery and motions for summary judgment.

2

filed their bankruptcy petition.[2] No further action has been taken by the state court. Testimony of John Vanpaasschen.

The state court has been involved in the state court litigation since its inception almost two years ago, extensive discovery was conducted, a three day jury trial was held, and a verdict rendered. This dispute was in the process of having a Judgment entered against Debtors by the state court when Debtors filed their bankruptcy petition. Debtors have their own post verdict motion pending. The state court is competent to handle to conclusion the causes of action which have been raised and tried in the state court litigation.

Debtors contend that no judicial economy exists to allow the state court to continue with the case where a claim of non-dischargeability of a debt might be raised. Debtors' contention is predicated upon a fact that may never occur. This court notes that, to date, the issue of the dischargeablity of the debt has not been raised. Liquidation of Movants' claims is necessary in the bankruptcy case. In light of the fact that the state court litigation has been tried and a jury verdict returned, this court finds that the state court is the forum best suited for resolution of this case, including the quick resolution of the pending post trial motions and conclusion of the state court litigation. Allowing the state court to proceed will accelerate and promote the

---

[2] The evidence does not reflect whether Debtors' Motion for Judgment Notwithstanding the Verdict was also set for hearing by the state court.

economical administration of this bankruptcy estate.

Since only liquidation, not collection, of the claims is sought, allowing the state court litigation to proceed would not prejudice the rights of other creditors. The court finds that lifting the stay does not result in great prejudice to Debtors or the estate. Failure to lift the stay would result in a delay in the administration of this bankruptcy proceeding, and in resolution of the state court proceeding. The court finds that if the stay does not lift, the harm to Movants and the other non-debtor parties involved in the state court litigation outweighs the harm to Debtors.

## Conclusions of Law

The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case by case basis. Allowing a matter to proceed in another forum may constitute cause. *In re Murray Industries, Inc.*, 121 B.R. 635 (Bankr. M.D. Fla. 1990). The Bankruptcy Code gives the court broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case. *In re Atlantic Ambulance Associate, Inc.*, 166 B.R. 613 (Bankr. E.D.Va. 1994).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed in another forum, bankruptcy courts have considered the following factors: 1) whether

the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves Debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm. *See In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984); *Sonnax Industries, Inc.*, 907 F.2d 1280 (2nd Cir. 1990); *In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); *In re Fowler*, 259 B.R. 856 (Bankr. E.D. Tex. 2001).

Not all factors may be relevant to each case. Further, the decision to lift the stay may be upheld on judicial economy grounds alone. *See In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994), citing *In re Kemble*, 776 F.2d 802, 907 (9th Cir. 1985).

Based on the foregoing, the court will enter a separate Judgment lifting the stay to allow the parties to proceed with Cause No. 2008-61834, 270th Judicial District Court, Harris County, Texas.

Signed at Houston, Texas on this 16th day of August, 2010.

*[signature]*

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE