IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| PRAFUL GOPHAL PATEL and SHEELA GOPHAL PATEL, | ) ) ) | 10-34767-H3-7 |
| | ) | |
| Debtors | ) ) | |

---

|  |  |  |
|---|---|---|
| JOHN VANPAASSCHEN and CARO MAITLAND, | ) ) ) | ADVERSARY NO. 10-3607 |
| Plaintiffs | ) ) ) | |
| vs. | ) ) | |
| PRAFUL GOPHAL PATEL and SHEELA GOPHAL PATEL, | ) ) ) ) | |
| Defendants | ) ) | |

---

|  |  |  |
|---|---|---|
| JOSEPH HILL, TRUSTEE | ) ) | ADVERSARY NO. 10-3612 |
| Plaintiff | ) ) ) | |
| vs. | ) ) | |
| PRAFUL GOPHAL PATEL and SHEELA GOPHAL PATEL, | ) ) ) ) | |
| Defendants | ) ) | |

## MEMORANDUM OPINION

Came on for consideration the Motion for Summary Judgment (Adversary No. 10-3607, Docket No. 18) filed by John VanPaasschen and Caro Maitland, Plaintiffs, seeking determinations that Praful and Sheela Patel, Debtors and Defendants in the instant adversary proceeding, are not entitled

to receive a discharge in the above captioned chapter 7 bankruptcy proceeding pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5), (a)(6) and (a)(7) and that the debt owed to Plaintiffs by Debtors is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), and (a)(19). The following are the Findings of Fact and Conclusions of Law of the court granting the motion. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact may be considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law may be considered Findings of Fact, they are adopted as such.

## Findings of Fact

Praful and Sheela Patel filed a voluntary chapter 7 bankruptcy proceeding on June 3, 2010. Joseph M. Hill was appointed as the chapter 7 Trustee. On August 16, 2010, the court lifted the automatic stay to allow entry of judgment by the state court in Plaintiffs' cause of action against Debtors in litigation entitled "Caro Maitland and John Vanpaasschen vs. MVP Aero Academy, Inc., Bharat Shah, Inc., Praful Patel and Sheela Patel," Cause No. 2008-61834, 270th Judicial District Court, Harris County, Texas. Main Case, Docket No. 29. The state court cause of action for breach of contract, fraud and statutory fraud arose out of the purchase and sale of a corporation, MVP Aero Academy, Inc. After a jury verdict, the state court entered a judgment against all three state court defendants in the amount

2

of $439,003.45.  Exhibit 1 to Affidavit of Mel Smith.

On November 11, 2010, John VanPaasschen and Caro Maitland filed Adversary No. 10-3607 objecting to the discharge of Debtors and seeking to have the state court judgment debt be declared nondischargeable.  On November 12, 2010, the Trustee filed Adversary No. 10-3612 objecting to the discharge of Debtors and seeking turnover of estate property pursuant to 11 U.S.C. § 542.  Praful and Sheela Patel appeared *pro se* and filed Answers in both adversary proceedings.  On May 24, 2011, John VanPaasschen and Caro Maitland filed the instant Motion for Summary Judgment in Adversary No. 10-3607.  The Patels did not file a response or opposition to the summary judgment motion.  The court held status conferences in the adversary proceedings on July 5, 2011.  The Patels did not appear at the status conferences.  The two adversary proceedings were consolidated with each other pursuant to a joint motion filed by VanPaasschen, Maitland and the Trustee.  Adversary 10-3607, Docket No. 20, Minutes of 7/5/2011 Hearing.

On March 29, 2011, in Adversary 10-3607, John VanPaasschen and Caro Maitland, hereinafter referred to as Plaintiffs, served requests for admissions and other discovery on the Defendants by serving their counsel of record in the main

case bankruptcy[1], and by serving Defendants at their last known address.  Exhibit 6 to the Mel Smith Affidavit.  The discovery was not timely answered and as such, the requests for admissions were deemed admitted as of May 3, 2011.  Fed.R.Civ.P. 36(a)(3), applicable to adversary proceedings pursuant to Bankruptcy Rule 7036.  Defendants have admitted the following facts:
1) that the schedules and statements the Defendants filed in this Court are materially false; 2) that the Defendants knew the schedules and statements they filed in this Court were materially false before they filed them in this Court; 3) that the Defendants have failed to disclose the existence of valued assets they own in their schedules and statements they filed in this Court; 4) that the Defendants have transferred real property to others to avoid the reach of creditors in this bankruptcy case; 5) that the Defendants have transferred personal property to others to avoid the reach of creditors in this bankruptcy case; 6) that the Defendants concealed or otherwise removed valuable personal property to avoid the reach of creditors in this bankruptcy case; 7) that the financial statement the Defendants gave the Plaintiffs in connection with the purchase of MVP Aero was materially false; 8) that the financial statement the

---

[1] The court notes that Defendants are not represented by counsel and have appeared *pro se* in the above referenced adversary proceedings.  On June 13, 2011, the court granted the Motion For Withdrawal of Counsel filed by Pete W. Weston, counsel for Debtors in the above captioned main case bankruptcy. Main Case, Docket Nos. 74 and 98

Defendants gave the Plaintiffs in connection with the purchase of MVP Aero grossly overstated the Defendants' assets; 9) that the financial statement the Defendants gave the Plaintiffs in connection with the purchase of MVP Aero grossly understated their liabilities; 10) that the Defendants obtained money from the Plaintiffs by false pretenses, a false representation, or actual fraud, other than a statement respecting the Defendants' or an insider's financial condition; 11) that the Defendants obtained money from the Plaintiffs by the use of a financial statement that was materially false with respect to Defendants' financial condition; 12) that Plaintiffs reasonably relied on the Defendants' false financial statements to extend Defendants credit in connection with the sale of MVP Aero Academy; 13) that the Defendants caused the financial statement to be issued with false information with an intent to deceive the Plaintiffs in connection with the sale of MVP Aero Academy; 14) that the following allegations made by Plaintiffs in paragraphs 18 through 43 of the Complaint are true and correct:

> 18.  The Debtors' Amended Statement of Financial Affairs makes no disclosure of any payments to creditors during the year preceding the Petition Date, any transfers of real property during the two (2) years preceding the Petition Date or any foreclosures upon real property other than eight (8) duplexes during the year preceding the Petition Date. (See Main Case, Docket No. 36, Statement of Financial Affairs, Question #3, Question #5 and Question #10).
> 19.  As demonstrated below, the Debtors have concealed a number of assets and transfers.
> **A. Eastex Freeway, Kingwood, Texas**
> 20.  According to the Harris County Appraisal

District's ("HCAD") records, the Debtors currently have an interest in certain commercial real estate located on Eastex Freeway, Kingwood, Texas 77339. The appraisal records reflect the owner as being "Patel, Praful G., et al." The current tax value of that property is $87,181.00.

21. The Debtors' interest in this property is not reflected anywhere in the Debtors' schedules and statements.

**B. 22223 Eastex Freeway, Humble, Texas**

22. According to the Harris County Appraisal District's records, the Debtors had an interest in commercial property located at 22223 Eastex Freeway 56, Humble, Texas 77339, in 2009. The appraisal records reflect that the owner in 2009 was "Patel, Praful G., et al."

23. For the 2010 tax year, HCAD's records indicate that this property is now owned by Devashree Lakshmi, Inc. d/b/a Comfort Suites Kingwood. The current tax value of the property is $3,533,210.00.

24. The Debtors' schedules and statements do not reflect that the property was foreclosed upon, nor is a voluntary transfer of the property reflected. (Main Case, Docket No. 36)

**C. 31.3949 Acres in Kingwood, Texas**

25. Prior to the Petition Date, the Debtors owned an interest in 31.3949 acres of land, consisting of two (2) tracts, in Kingwood, Texas. On May 5, 2010, less than a month prior to the Petition Date, the Debtors recorded a Special Warranty Deed conveying their undivided 35% interest to the KBB Patel Family Trust, with the Debtors named as the trustees of said trust.

26. The Debtors concealed this transfer in their schedules and statements. (Main Case, Docket No. 36)

**D. The KBB Patel Family Trust**

27. The existence of the KBB Patel Family Trust is established by the Special Warranty Deed described in paragraph 25 *supra*. The Debtors did not identify themselves as trustees of this trust in their Amended Statement of Financial Affairs. Moreover, assuming the Debtors have some interest in the trust, the Debtors have concealed that interest.

**E. The Patel Family Living Trust**

28. The HCAD records reveal that The Patel Family Living Trust owns four (4) real properties with the following legal descriptions: a. 1401 Center Street 54, Reserve B7, Block 1, Palm Terrace, Dear Park, Texas

77536, having a current tax value of $3,212,203.00[1]; b. 1401 Center Street, Reserve B4, Block 1, Palm Terrace, Dear Park, Texas 77536, having a current tax value of $7,126.00; c. Certain real property located on 9th Street, Reserve A, Block 1, Patel Family, Dear Park, Texas 77536, having a current tax value of $302,411.00; and d. Certain real property located on Center Street, Reserve B, Block 1, Patel Family, Dear Park, Texas 77536, having a tax value of $15,886.00.

29. The Debtors' schedules and statements make no reference to any of these properties or to The Patel Family Trust.

**F. PKP Development, LP**

30. As previously noted, the Debtors scheduled an unspecified interest in PKP Development, LP ("PKP") and described PKP as having no assets and out of operation. The Debtors valued their interest in PKP at $1.00.

31. The HCAD records reflect that PKP, in fact, owns the property located at 16410 North Freeway 246, Reserve A, Lexington Motor Inn North, Houston, Texas 77073, which has a current tax value of $3,994,267.00.

32. PKP also owns the property located at 16410 North Freeway, Reserve A1, Lexington Motor Inn North, Houston, Texas 77073, which has a current tax value of $83,965.00.

33. In addition to misrepresenting PKP's assets, the Trustee believes that the Debtors have misrepresented the value of their interest in PKP. Dr. Phillip W. Jones, MD is another shareholder of PKP and is a co-debtor in a chapter 11 case pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, under Case No. 10-32081-bjh11. In his bankruptcy schedules, Dr. Jones valued his 30% interest in PKP at $1,198,280.10, suggesting that the Debtors' interest is worth significantly more than $1.00.

**G. Home in India**

34. Creditor Lone Star Bank's counsel appeared at the creditors' meeting on August 10, 2010, and questioned

---

[1] Due to the Debtors' successful avoidance of a Rule 2004 Examination, Plaintiffs have not been able to conclusively determine that the Debtors have any connection to the Patel Family Trust, which owns these properties. However, in light of HCAD's description of this property as a Hotel/Motel, Low-Rise 1 to 3 Stories, the fact that the Debtors admittedly operated a number of hotels and/or motels, including at least one in the Pasadena, Texas area, the Trustee believes there may be a connection between the Debtors and the Patel Family Trust.

the Debtors about, among other things, the home in India. The Debtors testified that the home in India belonged to Debtor Praful G. Patel's brother. However, upon information and belief, the Debtors do or did own a home in India.

35. Upon information and belief, between June of 2007 and June of 2008, the Debtors provided personal financial statements to Lone Star Bank.

36. Upon information and belief, according to those financial statements, as of June 4, 2008, the Debtors had $265,000.00 in cash on hand or on deposit, another $306,000.00 in savings, real estate assets totaling $12,485,000.00 in value, cash and gold worth $110,000.00 and a home in India worth $300,000.00.

**H. The Conroe Property**

37. As of the Petition Date, the Debtors owned an interest in 7.69 acres of property located at 1301 N. Loop 336 East in Conroe, Texas, consisting of two (2) tracts of land. The Debtors did not initially disclose this property anywhere in their schedules and statements.

38. At the continued meeting of creditors held on August 10, 2010, the Debtors and their counsel advised the Trustee that Debtor Praful Patel held title to this property in trust for himself and several other individuals. At that meeting, the Debtors advised the Trustee that Debtor Praful Patel had transferred his interest in the Conroe Property to a third party, perhaps one of the alleged co-owners, in lieu of a cash obligation, which the Debtors were unable to meet. It appears that there was no such conveyance.

39. After the meeting of creditors was concluded, the Debtors provided closing documents relating to the Conroe Property. In addition, on September 1, 2010, the Debtors amended their Schedule B to include an interest in a "joint venture," which owns the Conroe Property. (Main Case, Docket No. 36). The Debtors also provided a "Trust Letter Agreement" identifying Debtor Praful Patel and four (4) other individuals to be beneficiaries of an undefined trust or business venture.

40. The "Trust Letter Agreement" makes reference to an Exhibit A, which presumably would have described the property to be held in trust. However, the Trust Letter Agreement provided to the Trustee contained no such Exhibit A, nor does the Trust Letter Agreement, itself, contain a description of the proposed trust property.

> 41. The Trust Letter Agreement apportions title to the unidentified property as follows: Praful Patel 25%; Dr. Phillip Jones, MD 30%; Kalpesh Shah 10%; Bharat Shah 10%.
> 42. The sale contract pertaining to the Conroe Property reflects the buyer to be "Praful Patel and/or assigns." The property was purchased for $474,000.00, of which $374,000.00 was financed by the seller. The only obligor under the Promissory Note is "Praful Patel, Trustee."
> 43. Upon information and belief, no one other than the Debtors made any financial contributions toward the acquisition of the Conroe Property.

15) that the Defendants told the trustee in their bankruptcy case that the bankruptcy Schedules they filed on or before July 12, 2010, were true and correct; 16) that when the Defendants told the trustee in their bankruptcy case that the Bankruptcy Schedules the Defendants filed on or before July 12, 2010, were true and correct, that statement was not true; 16) that the Defendants told the trustee in their bankruptcy case that the Defendants did not own any real estate that was not listed on the Bankruptcy Schedules the Defendants filed on or before July 12, 2010; 17) that when the Defendants told the trustee in their bankruptcy case that the Defendants did not own any real property that was not listed on the Bankruptcy Schedules the Defendants filed on or before July 12, 2010, that statement was not true; 18) that the Defendants told the trustee in their bankruptcy case that the Defendants had never been a trustee, beneficiary or settlor of a Trust in a statement they signed on or about July 12, 2010; 19) that when the Defendants told the trustee in their bankruptcy case that the Defendants had never been a trustee,

beneficiary or settlor of a Trust in a statement the Defendants signed on or about July 12, 2010, that statement was not true; and 20) that other persons are holding property for the Defendants while this bankruptcy case is pending.

## Conclusions of Law

Bankruptcy Rule 7056 makes Fed.R.Civ.P. 56, entitled Summary Judgment, applicable in bankruptcy adversary proceedings and provides:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> **(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
>
> **(c) Procedures.**
>
>   **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>     **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>     **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>   **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be

presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion**. After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief**. If the court does not grant all the relief requested by the

11

motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith**. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Pursuant to section 727(a), certain conduct results in denial of a discharge in bankruptcy. Section 727, in relevant part, provides:

**(a)** The court shall grant the debtor a discharge, unless–

   **(1)** the debtor is not an individual;

   **(2)** the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–

      **(A)** property of the debtor, within one year before the date of the filing of the petition; or

      **(B)** property of the estate, after the date of the filing of the petition;

   **(3)** the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

   **(4)** the debtor knowingly and fraudulently, in or in connection with the case–

      **(A)** made a false oath or account;

    **(B)** presented or used a false claim;

    **(C)** gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

    **(D)** withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

  **(5)** the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

  **(6)** the debtor has refused, in the case--

    **(A)** to obey any lawful order of the court, other than an order to respond to a material question or to testify;

    **(B)** on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

    **(C)** on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

  **(7)** the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

Section 523 provides for certain exceptions to discharge. Section 523, in relevant part, provides:

(a) A discharge under section 727 of this title does

13

not discharge an individual debtor from any debt--

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
     (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
     (B) use of a statement in writing--
       (i) that is materially false;
       (ii) respecting the debtor's or an insider's financial condition;
       (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
       (iv) that the debtor caused to be made or published with intent to deceive; or
   (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;
   (19) that--
    (A) is for--
      (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
      (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
    (B) results, before, on, or after the date on which the petition was filed, from--
      (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
      (ii) any settlement agreement entered into by the debtor; or
      (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

Defendants have admitted that they purposely concealed assets of value and sources of income in an attempt to defraud their creditors.  Defendants also admitted that they have transferred real and personal property to others in order to defraud and hinder their creditors and the Trustee.  Defendants filed, under penalty of perjury, materially false schedules and statements in their chapter 7 bankruptcy proceeding.  Defendants knowingly and fraudulently withheld information from the Trustee.

Defendants admitted that Praful Patel submitted a materially false financial statement to Plaintiffs in order to induce Plaintiffs to execute the documents and contracts forming the sale and purchase of MVP Aero, including a loan to Praful Patel, Sheela Patel and Bharat Shah, Inc. in the amount of $190,000.  Defendants caused the financial statement to be issued with false information with an intent to deceive the Plaintiffs in connection with the sale of MVP Aero Academy.  Plaintiffs reasonably relied on the false financial statements in extending Defendants credit in connection with the sale.

Pursuant to the admissions by Defendants, the court finds that there is no genuine dispute as to any material fact and Plaintiffs are entitled to judgment as a matter of law denying Defendants a discharge under section 727 and declaring that the debt owed to Plaintiffs by Debtors is non-dischargeable pursuant to section 523.

Based upon these findings of fact and conclusions of

law, this court grants the Plaintiffs' motion and will enter a separate Judgment in conjunction with these findings of fact and conclusions of law.

Signed at Houston, Texas on this 18th day of July, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE